FILED

2025 Jan-02  PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JACKIE L. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-1324-ACA** |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## JOINT MOTION FOR CONFIDENTIALITY ORDER

---

Plaintiff Jackie L. Miller ("Plaintiff") and Defendant Regions Bank ("Defendant") (collectively, the "Parties") respectfully move the Court for entry of a Confidentiality Order as set forth below for the purpose of protecting the confidentiality of certain information that may be provided in the course of discovery.  In support of their joint motion, the Parties state as follows:

1. The Parties regard certain information to be produced in this action as confidential and its disclosure outside of this litigation would be an unwarranted interference with the privacy of the parties and of people and/or entities who are not party to this action.

1

2. The Parties have conferred regarding a proposed Confidentiality Order and have agreed to submit the attached Proposed Confidentiality Order for the Court to consider.

Accordingly, the Parties respectfully and jointly request the Court to enter the Parties' Proposed Confidentiality Order attached as **Exhibit A**.

Respectfully submitted on January 2, 2025.

| | |
|---|---|
| */s/ H. Gregory Harp* (with permission) | */s/ Carole G. Miller* |
| H. Gregory Harp | Carole G. Miller |
| GREGORY HARP LAW | Meredith S. Taylor |
| 810 Watterson Curve #26 | Maynard Nexsen PC |
| Trussville, Alabama 35173 | 1901 6th Avenue N. Suite 1700 |
| gh@gregoryharplaw.com | Birmingham, AL 35203 |
| | t. (205) 254-1000 |
| *Attorney for Plaintiff Jackie Miller* | f. (205) 254-1999 |
| | carole.miller@maynardnexsen.com |
| | mtaylor@maynardnexsen.com |
| | |
| | *Attorneys for Defendant Regions Bank* |

2

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JACKIE L. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-1324-ACA** |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PARTIES' PROPOSED CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.     Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without

limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 with respect to Confidential material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)      Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

2

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g)     The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

3

4.      Confidential material shall be used only by individuals permitted access to it under Paragraph 3.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.      With respect to any depositions that involve a disclosure of Confidential material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f) and (g) for Confidential material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f) and (g), during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be

4

appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6.      If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or nonparty a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If the designating party or nonparty disagree as to the confidential nature of the information or the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with the Court's Initial Order dated September 29, 2024, (Doc. 4). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

5

7.    The parties further acknowledge, understand, and agree that Nonpublic Personal Information, including any personally identifiable financial information provided by a customer, must be protected in accordance with the Gramm-Leach-Bliley Act of 1999 and other applicable privacy laws and regulations. The parties agree that all such personally identifiable financial information must be appropriately redacted and marked as Confidential pursuant to this Order.

8.    Any document designated "Confidential" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with the Court's Initial Order dated September 29, 2024, (Doc. 4).

9.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential material, it may do so only after giving notice to the producing party and as directed by the Court.

10.    Data Breach.  If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

11.    The inadvertent or unintentional disclosure of Confidential or material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential

6

material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order.

12.    The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of

7

the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

13.   If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order.   The party receiving the demand shall not disclose any Confidential material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later.   In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner.   The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

14.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.

15.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16.     This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

9

**WE DO CONSENT.**

GREGORY HARP LAW
Attorney for Plaintiff Jackie L. Miller

By: _____
     H. Gregory Harp

Dated:  December **10** , 2024

MAYNARD NEXSEN, P.C.
Attorneys for Defendant
Regions Bank

By: *Meredith S. Taylor*
    Carole G. Miller
    Meredith S. Taylor

Dated:  December 17 , 2024

DONE and ORDERED this _____ day of _____, _____.

_____
    Annemarie Carney Axon
    United States District Judge

10

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JACKIE L. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-1324-ACA** |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

11

5.  I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

6.  I will limit use of Confidential material disclosed to me solely for purpose of this action.

7.  No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


_____    _____

[Name]                                              [Date]

12