FILED

2026 Apr-10  AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JACKIE L. MILLER, | |
| **Plaintiff**, | |
| v. | Case No. 2:24-cv-1324-HDM |
| REGIONS BANK, | |
| **Defendant**. | |

## SHOW CAUSE ORDER

On November 30, 2025, Plaintiff Jackie Miller, through her attorney, H. Gregory Harp, filed a Response in Opposition, (doc. 23), to Defendant Regions Bank's Motion for Summary Judgment, (doc. 19).

In his Response, Mr. Harp includes four quotations of questionable authenticity. (*See* Doc. 23 at 22, 24, 25, 32). These quotations—along with the cases to which they are attributed and any language necessary for context—are as follows:

> *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256–57 (11th Cir. 2007) (questions regarding the extent of limitations and need for accommodation are "classic jury issues").

*Id.* at 22;

> *See EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1345 (11th Cir. 2016) ("The ADA does not mandate a particular interactive process, but it does require the employer to provide a reasonable accommodation when one is needed.").

*Id.* at 24;

> *See, e.g.*, *Breen v. Dep't of Transp.*, 282 F.3d 839, 842 (D.C. Cir. 2002) ("The interactive process does not end with generic, non-responsive offers untethered to the employee's disability-related limitations.").

*Id.* at 25;

> The Eleventh Circuit broadly interprets adverse action in the FMLA retaliation context to include "any action that might dissuade a reasonable worker from exercising FMLA rights." *Batson v. Salvation Army*, 897 F.3d 1320, 1329 (11th Cir. 2018).

*Id.* at 32. The court has conducted a thorough search for each of these quotations. Although the cases are real, the court has not been able to find the quotations within them or in any other authority the court has reviewed.

These four "quotations" lead the court to believe that Mr. Harp fabricated legal authority, possibly using generative artificial intelligence. Accordingly, Mr. Harp is **ORDERED** to review all of his filings in this case, and if any other misrepresentations of law—be they nonexistent quotations, nonexistent cases, or any other misrepresentation of law—are brought to Mr. Harp's attention by his own review or otherwise,[1] they shall be subject to this Order.

Not later than **3:00 PM Central Daylight Time on Thursday, April 16, 2026,** Mr. Harp is **ORDERED** to show good cause, if there be any, why he should not be sanctioned—based on the quotations identified in this order and any

---

[1] If any party in this case should come across such a misrepresentation of law, notice of such a finding should be filed in CM/ECF in order to bring it to Mr. Harp's and the court's attention.

additional misrepresentations of law discovered in Mr. Harp's filings in this case—under Federal Rule of Civil Procedure 11, the court's inherent authority, Local Rule 83.1(f), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact or law to the court.[2]

Mr. Harp is **ORDERED** to append to his filing copies of each legal authority from which an allegedly fabricated passage was quoted, with the quotation highlighted. If any other misrepresentations of law exist in any other of his filings in this case, Mr. Harp is **ORDERED** to similarly append copies of the cited authority with relevant portions highlighted. If Mr. Harp cannot provide such copies for each alleged misrepresentation, he is further **ORDERED** to submit a sworn declaration that provides a thorough explanation for how any disputed filing, including the Response, (doc. 23), was generated. Specifically, the declaration must explain precisely how the allegedly fabricated quotations (or other alleged misrepresentations) were generated. Finally, Mr. Harp is **ORDERED** to append to his filings a sworn certification that he has thoroughly reviewed all of his filings in this case and, if no other misrepresentations of law are found, that each representation of law is true and accurate.

---

[2] The court looks with extreme skepticism and disfavor on protestations that previously unsuspected technical issues prevented timely filing. If Mr. Harp does not comply with the deadline established in this Order, he should be prepared to file a sworn certification explaining the circumstances and the steps he took to anticipate and mitigate them.

Mr. Harp is **ORDERED** to appear at a show cause hearing at **2:00 PM Central Daylight Time on Monday, April 20, 2026,** at the Huntsville Federal Courthouse, Courtroom V.[3] Mr. Harp should be prepared to discuss the four allegedly false quotations raised in this Order, any other misrepresentation of law made in this case, and any misrepresentation of law made in any other case in the Northern District of Alabama for which Mr. Harp is counsel.

Mr. Harp is **DIRECTED** to advise Ms. Miller of this order and to append to his pre-hearing filings sworn certification that such communication has occurred.

**DONE** and **ORDERED** on April 10, 2026.

_____

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

---

[3] Counsel for other parties to this case are not required to attend the show cause hearing.

4